# SETTLEMENT AGREEMENT
# AND MUTUAL GENERAL RELEASE

**HOT PANDEYUCA & COMPANY, INC.** including all of its officers, directors, representatives, shareholders, owners, agents and employees, and **DAVID ALFANDARY**, including his heirs, representatives, attorneys, successors, and assigns (hereinafter collectively referred to as "Defendants") and **MIGUEL A. PIZARRO**, including his heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), Plaintiff unconditionally releases and discharges Defendants from any and all claims, demands, liabilities, and causes of action based upon overtime and minimum wages, and retaliatory discharge, including but not limited to claims based on the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act, Fla. Stat. §448.01, et seq. This release includes all claims which were, or could have been, asserted in the lawsuit styled <u>Miguel A. Pizarro, and all other similarly-situated individuals v. Hot Pandeyuca & Company, Inc. and David Alfandary</u>, Case No. 16-22691-CIV-Scola, pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation"). Plaintiff further willingly and voluntarily waives and releases any and all known and unknown rights and claims Plaintiff has or may have against Defendant as a result of or arising from Plaintiff's employment with Defendants, including but not limited to any claim(s) under:

- The National Labor Relations Act;

- Title VII of the Civil Rights Act of 1964;

- Sections 1981 through 1988 of Title 42 of the U.S. Code;

- The Employee Retirement Income Security Act of 1974;

- The Immigration Reform and Control Act of 1986;

- The Americans with Disabilities Act of 1990;

- The Older Workers Benefit Protection Act;

- Age Discrimination in Employment Act, 29 USC Chap. 14;

- The Equal Pay Act of 1963;

- The Occupational Safety and Health Act;

- The Family and Medical Leave Act of 1993;

**1** of **4**

_____                                                                    _____
MAP                                                                                      DA

The foregoing Release also bars any claim or demand for costs, fees or other expenses including attorneys' fees incurred in connection with any of the above referenced claims. The listing of claims waived in this section is intended to be illustrative rather than exhaustive.

2. **Settlement Amount**. In consideration of the promises of Plaintiff as set forth herein, the Plaintiff and Defendants agree to settle Plaintiff's released claims for a total of Fourteen Thousand Dollars and Zero Cents ($14,000.00) to be paid on or before August 3, 2016 to Zandro E. Palma, P.A. Trust Account.

3. **Taxes/Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder, including, without limitation, Plaintiff, the IRS, or any other person.

4. **Confidentiality**. The parties will maintain the terms of this agreement confidential and shall not disclose the terms of this agreement to any third party, with the exception of to their lawful spouse, for tax reporting purposes, pursuant to a subpoena or when otherwise required by law, for approval of this agreement, and for enforcement of this agreement. Failure of Plaintiff to comply with the provisions of this Section shall result in the disgorgement of the Settlement Amount.

5. **No Re-Hire**: Plaintiff hereby agrees and recognizes: (a) that Plaintiff's employment with Defendants has ended and Plaintiff will not apply for or otherwise seek employment with Defendants or their divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors; and (b) that Defendants have no obligation to employ, hire, reinstate or otherwise engage Plaintiff in the future. Plaintiff further agrees and recognizes that if Plaintiff applies and/or is hired by Defendants or its affiliated entities in the future, this Agreement is sufficient and appropriate legal grounds for denying employment and/or terminating Plaintiff's employment regardless of whether the entity is specifically mentioned herein. The Parties further agree that any future acts by Defendants in denying Plaintiff employment, shall not be construed as retaliation pursuant to 29 U.S.C. 215(a)(3).

6. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

7. **Non Disparaging Remarks**. Plaintiff and Defendants agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that

**2** of **4**

_____        _____
MAP                    DA

a prospective employer requests an employment reference for Plaintiff, Plaintiff and Defendants agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay.

8. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

9. **Agreement Not to Be Used as Evidence**. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendants, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

11. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

12. **Enforcement**. In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

13. **Voluntariness.** Plaintiff certifies that the agreement has been translated for her prior to her execution of the agreement. Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney of her choosing before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

14. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

| PLAINTIFF | DEFENDANTS |
|---|---|
| *DocuSigned by:*<br>*Miguel Pizarro*<br>—05A8758DF4794AF...<br>Miguel A. Pizarro | _____<br>Hot Pandeyuca & Company, Inc. |
| Date: 8/3/2016 _____ | By: _____ |
| | Its: _____ |
| | Date: _____ |
| | _____<br>David Alfandary |
| | Date: _____ |